**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **CARTER W. MATNEY,** | ) | **Civil Action No. 7:12-00627** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **OFFICER JAMES H. HALE, et al.,** | ) | **By:   Hon. Michael F. Urbanski** |
| **Defendants.** | ) | **United States District Judge** |

Carter W. Matney, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Officer James H. Hale, a Conservation Police Officer of the Virginia Department of Game and Inland Fisheries; Officer Ricky Jackson, a Deputy of the Buchanan County Sheriff's Office; and Nicholas B. Compton, an Assistant Commonwealth Attorney of Buchanan County.[1] Plaintiff filed this action, which is presently before the court for screening pursuant to 28 U.S.C. § 1915A, to complain about his arrest and prosecution in Virginia. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff alleges the following facts in his submissions. On May 11, 2008, plaintiff was living in a house located on property split by the Virginia and West Virginia border.[2] Unbeknownst to plaintiff, someone in the house called 911 while plaintiff was trapping coyotes in the adjacent forest. Officer Jackson arrived at the house to investigate, and plaintiff subsequently returned on a four wheeler that carried a firearm.[3] Officer Jackson asked plaintiff

---

[1] Plaintiff does not identify in which capacity he sues the defendants.

[2] The house is in West Virginia, but parts of the short driveway to the house are located in both states.

[3] Plaintiff does not describe the firearm.

what he was doing with the firearm, and plaintiff replied that he had been trapping.  Officer Jackson left the area but called Officer Hale, who said trapping season had already ended on February 12, 2008.  Officers Jackson and Hale met at the Buchanan County Sheriff's Office to run a background investigation on plaintiff, which revealed plaintiff is a felon.

On June 4, 2008, Officers Jackson and Hale returned to the property, and Officer Hale arrested plaintiff for possessing a firearm after being a convicted felon, in violation of Virginia Code § 18.2-308.2.[4]  Plaintiff alleges that Officer Hale arrested him while they were located in West Virginia and further alleges that Officers Hale and Jackson should not have run a background check because trapping season had not ended, as Officer Hale alleged.

On July 30, 2010, a jury found petitioner guilty of being a felon in possession of a firearm, and petitioner was sentenced to five years' incarceration.  Plaintiff believes that all the lawyers appointed to represent him during the criminal proceedings rendered ineffective assistance.  Plaintiff also alleges that Officer Hale's testimony constituted perjury and that Nicholas Compton, the prosecutor, should have nolle prossed the charge due to the allegedly unlawful arrest in West Virginia.  Consequently, plaintiff believes he has been illegally imprisoned for twenty-eight months and requests damages, that all charges be dismissed, and that Officer Hale be charged with perjury.

**II.**

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

---

[4] Plaintiff does not state whether the arrest was pursuant to an arrest warrant.

which clearly does not exist," or claims where the "factual contentions are clearly baseless."
Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The second standard is the familiar standard for
a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's
factual allegations as true.  A complaint needs "a short and plain statement of the claim showing
that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to
relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and
conclusions . . . ."  Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements
of [the] claim."[5]  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

      To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by
the Constitution and laws of the United States, and must show that the alleged deprivation was
committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).
Plaintiff fails to allege any facts against the prosecutor, Nicholas Compton.  Furthermore,
plaintiff cannot recover damages from Compton in an official capacity due to the Eleventh
Amendment or in an individual capacity due to prosecutorial immunity for actions taken within
the scope of his duties as a prosecutor.  See, e.g., Va. Const. art. VII, § 4; VA. CODE § 15.2-1626;
Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Harter v. Vernon, 101 F.3d 334, 340 (4th Cir.
1996); Taylor v. Waters, 81 F.3d 429, 436 (4th Cir. 1996).

---

[5] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the
reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79
(2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an
assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally
construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's
advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint.  See Brock v.
Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274,
1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district
court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff alleges that Officer Jackson should not have continued to investigate plaintiff after leaving the property on May 11, 2008, despite the fact plaintiff arrived with a firearm at his house where Officer Jackson was investigating an emergency call about a domestic dispute. However, plaintiff's Fourth Amendment rights were not implicated by an electronic search of law enforcement or judicial records to discover he is a felon. See, e.g., Florida v. Bostick, 501 U.S. 429, 434-35 (1991).

The thrust of plaintiff's Complaint is that he should be compensated for and relieved of his conviction for being a felon in possession of a firearm because Officer Hale arrested plaintiff in West Virginia. However, plaintiff's sole remedy in federal court to obtain a speedier release from custody is a properly filed petition for a writ of habeas corpus.[6] See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is the sole federal remedy when an inmate challenges the fact or duration of imprisonment and the relief sought is finding that the inmate is entitled to a speedier release). Nonetheless, it is well settled that an "illegal arrest or detention does not void a subsequent conviction." Rose v. Mitchell, 443 U.S. 545, 576 (1979). See Frisbie v. Collins, 342 U.S. 519, 522 (1952) (upholding conviction despite the defendant being forcibly abducted from one State and brought to another State for trial because the defendant received a fair trial). Cf. Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim is barred only if success on that claim would necessarily demonstrate the invalidity of confinement).

To the extent plaintiff seeks damages against Officer Hale in an individual capacity, the present Complaint fails to state a claim.[7] Even if Officer Hale violated Virginia Code § 29.1-

---

[6] Accordingly, plaintiff's motion for the court to overturn the state court conviction is denied.
[7] A request for damages against Officer Hale in an official capacity would be barred by the Eleventh Amendment. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).

203, which authorizes conservation police officers to enforce Virginia law "throughout the Commonwealth," such a violation of state law is not independently actionable via § 1983. See VA. CODE § 29.1-205 (authorizing conservation officers to make arrests for any violation of Virginia criminal law); Virginia v. Moore, 553 U.S. 164, 173 (2008) (recognizing that violations of state arrest law do not constitute violations of the Fourth Amendment). Instead, an analysis of the Fourth Amendment's protection against unreasonable searches and seizures determines whether Officer Hale violated a federal civil right actionable via § 1983.

A police officer must have probable cause that a crime was committed before making an arrest. See U.S. Const. amend. IV; Illinois v. Gates, 462 U.S. 213, 238 (1983) (defining probable cause as "a fair probability" of criminal conduct). "Probable cause . . . can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest." United States v. Pitt, 382 F.2d 322 (4th Cir. 1967). See United States v. Wells, 98 F.3d 808, 810 (4th Cir. 1996) ("[A]lthough the agent who actually seized the weapon pursuant to the supervising agent's instructions had no personal knowledge that Wells was a convicted felon, it is sufficient that the agents collectively had probable cause to believe the weapon was evidence of a crime at the time of the seizure.") Officer Hale had probable cause to arrest plaintiff based on Officer Jackson's statement to Officer Hale that plaintiff was a felon who possessed a firearm on May 11, 2008. Accordingly, plaintiff fails to state a Fourth Amendment violation about the arrest.[8]

---

[8] Plaintiff cursorily states that Officer Hale unlawfully seized plaintiff's traps after the arrest, ostensibly because plaintiff believes he was trapping during trapping season and that the arrest was unlawful. The court will not construct a claim from this conclusory allegation, which not entitled to an assumption of truth. Twombly, 550 U.S. at 555. Furthermore, a police officer may conduct a search incident to an arrest, and a conservation police officer may search and seize traps related to an alleged violation of a hunting or trapping law. See VA. CODE § 29.1-208; Chimel v. California, 395 U.S. 752 (1969).

**III.**

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.[9]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  March 11, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[9] The court grants plaintiff's motion to strike two motions he previously filed, and plaintiff is further advised that the court may not appoint counsel to assist him with state criminal proceedings, initiate criminal proceedings against a person, or make phone calls on his behalf.